UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE GIOVANNI HERNANDEZ TORRES, | : : : |
| Petitioner, | : Civil Action No.: 13-7044 (SDW) |
| v. | : OPINION |
| ERIC H. HOLDER, JR., et al., | : |
| Respondents. | : |

**APPEARANCES:**

    JOSE GIOVANNI HERNANDEZ TORRES, Petitioner *Pro Se*
    A 044 182 542
    Etowah County Detention Center
    827 Forrest Avenue
    Gadsden, Alabama 35901

**WIGENTON**, District Judge

    Petitioner Jose Giovanni Hernandez Torres is an immigration detainee confined at the Etowah County Detention Center in Gadsden, Alabama, at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner challenges his mandatory detention during his immigration removal proceedings and seeks his release from custody.  This case was administratively terminated upon filing because Petitioner failed to pay the requisite

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

filing fee as required by Local Civil Rule 54.3(a), or submit a complete application to proceed *in forma pauperis* ("IFP") as required under L.Civ.R. 81.2(b).  (ECF No. 2.)  On December 16, 2013, Petitioner submitted a complete IFP application and it appears that he qualifies for indigent status.  Accordingly, the Clerk of the Court is directed to re-open this case, and the Court will consider the habeas petition as it is filed.  Because the Court lacks jurisdiction over this habeas petition, this action shall be transferred to the United States District Court where Petitioner is confined, namely, the Northern District of Alabama.

## I.  BACKGROUND

Petitioner is a native and citizen of El Salvador.  (ECF No. 1, Petition at 2.)  He challenges his mandatory and prolonged detention without a bond hearing during the pendency of his removal proceedings, claiming that such prolonged detention violates his right to due process under the Fifth Amendment.  (*Id*. at 4.)  Petitioner claims that he has been detained for a period of eight months.  (*Id*. at 5.)

At the time that he filed this petition, Petitioner was detained, and still is detained, at the Etowah County Detention Center in Gadsden, Alabama.  He has named as party Respondents in this case, Eric H. Holder, Jr., Attorney General for the United States; Roy L. Hendricks, Warden at the Essex County Correctional Facility in Newark, New Jersey; John Tsoukaris, Director for the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE"); Scott Satterfield, Director for the DHS/ICE in New Orleans, Louisiana; and Scott Hassell, Warden at the Etowah County Detention Center.  (*Id*. at 2, and Caption.)

The Court notes that this is the second action filed by Petitioner. The first habeas petition, seeking similar relief, was filed in *Torres v. Holder, et al.*, Civil No. 13-6266 (SDW), and was dismissed for lack of jurisdiction on October 29, 2013.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.

In addition, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). Thus, the only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (involving the question who was the proper respondent in a § 2241 petition filed by a United States citizen designated as a federal "enemy combatant," and confined in a navy brig in South Carolina on a material witness warrant issued by the U.S. District Court for the Southern District of New York) (citations omitted); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions:

3

> Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

*Padilla*, 542 U.S. at 446–47 (citations and footnote omitted).

Jurisdiction is determined as of the time the petition is filed. *See United States v. Moruzin*, 2012 WL 1890402 (3d Cir. May 25, 2012). *Cf. Padilla*, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); *Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (noting that custody is measured as of the time that the petition was filed).

Here, Petitioner was confined in Alabama, not New Jersey, at the time he filed this Petition. Accordingly, this Court lacks jurisdiction to hear the Petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Arroyo v. Hollingsworth*, No. 12-7889, 2013 WL 5816917, *3 (D.N.J. Oct. 29, 2013). In this case, Petitioner has named his custodian at the Etowah County Detention Center in Gadsden, Alabama, as a party respondent. Consequently, as Petitioner is confined in the Northern District of Alabama and jurisdiction over the custodial respondent resides there, this Court will transfer this matter to the United States District Court for the Northern District of Alabama, for consideration of this habeas petition by that Court. This Court expresses no opinion as to the merits of the Petition.

### III. CONCLUSION

For the foregoing reasons, because this Court lacks jurisdiction over this habeas petition, the Court will order the transfer of this case to the United States District Court for the Northern District of Alabama. An appropriate Order follows.

       *s/ Susan D. Wigenton*
       SUSAN D. WIGENTON
       United States District Judge

Dated: May 22, 2014